UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TODD C. BANK,

                                      Plaintiff,

        -against-

ANNE KATZ, in her official capacity as Judge of
the Housing Part of the Civil Court of the City of
New York, and JUDE ALBANO, in his official
capacity as Senior Court Clerk of the Civil Court of
the City of New York

                                     Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
**08-CV-1033 (NGG)(RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

       Attorney Todd C. Bank ("Plaintiff"), proceeding pro se, has filed a federal complaint claiming a First and Fourteenth Amendment right to wear jeans and a hat in court. He argues that his right to free speech and his liberty interest in his own personal appearance permit him to do so. In advancing his cause, Plaintiff has clearly taken considerable time to carefully brief his position on these rights, and the New York State Attorney General's Office has now had to expend resources defending the case. In this court's view, there is no serious dispute presented here – the case involves little more than the enforcement by New York State judicial personnel of commonly shared mores of courtroom civility. The court dismisses the Complaint.

**I.     BACKGROUND**

       On March 11, 2008, Plaintiff appeared as a pro se litigant in a proceeding before the Civil Court of the City of New York in Queens ("Civil Court"). (See Compl. (Docket Entry # 1) ¶¶ 4, 7-8.) At the beginning of oral argument on a motion, he requested that Judge Anne Katz ("Judge Katz") "permit Plaintiff to exercise his rights under the First Amendment of the United States

1

Constitution by wearing a baseball hat that displayed the term 'Operation Desert Storm.'" (Id. ¶ 7.)  Judge Katz refused.  (Id. ¶ 8.)  Judge Katz subsequently told Plaintiff, who was wearing "a button-down shirt, blue jeans, socks and shoes," that he was dressed inappropriately. (Id. ¶ 10.)[1]  That same day, Court Clerk Jude Albano ("Clerk Albano") instructed Plaintiff not to wear his hat in the courtroom.  (Id. ¶¶ 12-13.)

Plaintiff asserts a First and Fourteenth Amendment right to wear jeans and a baseball hat in the courtroom.  (Id. ¶¶ 18-19.)  He claims that he will make future appearances in Civil Court and seeks a declaration permitting him to wear his chosen attire when he does so. (Id. ¶¶ 14, 18-19.)  Plaintiff is an attorney who appears regularly as a pro se litigant in courts throughout New York;[2] he is effectively asking this court to rule that, when he appears in any of these courts, the Constitution requires that he be permitted to do so in jeans and a baseball hat.  Defendants have moved to dismiss Plaintiff's claims (see Motion to Dismiss (Docket Entry # 11)), and the court grants Defendants' Motion.

## II.    DISCUSSION

The function of a courtroom is "to provide a locus in which civil and criminal disputes can be adjudicated.  Within this staid environment, the presiding judge is charged with the responsibility of maintaining proper order and decorum."  Huminski v. Corsones, 396 F.3d 53, 91 (2d Cir. 2005) (quoting Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir. 1997)).  In order to do so, a judge must have the authority to set reasonable limits on the conduct and behavior of

---

[1] Plaintiff only alleges that Judge Katz stated that wearing blue jeans and a button-down shirt was inappropriate in the courtroom. (Compl. ¶ 10, 19.)  Other than an admonishment, Plaintiff does not allege that Judge Katz placed any restriction on Plaintiff's attire or took any other action.

[2] He has appeared in this court various times on his own behalf, see Bank v. Cooper, No. 08-CV-3936 (JBW), 2009 WL 1491227 (E.D.N.Y. May 27, 2009); Bank v. Pentagroup Financial, LLC, No. 08-CV-5293 (JG)(RML), 2009 WL 1606420 (E.D.N.Y. June 9, 2009); Bank v. Brooklyn Law School, No. 97-CV-7470 (JG), 2000 WL 1692844 (E.D.N.Y. Oct. 6, 2000), and he has appeared in Civil Court and the State Supreme Court, Appellate Term, on his own behalf, see Bank v. BLS Funding Corp., No. 2005-317 Q C, 2005 WL 3488360 (N.Y. App. Term Dec. 12, 2005); Bank v. U.S. Healthcare, Inc., No. 2001-235 Q C, 2001 WL 1568008 (N.Y. App. Term Oct. 3, 2001).

litigants appearing before the court. See, e.g., Devine v. Lonschein, 621 F. Supp. 894, 897 (S.D.N.Y. 1985) (noting "the inherent power [of a judge] to ensure proper conduct in his courtroom"); 22 N.Y.C.R.R. § 100.3(b)(2) ("A judge shall require order and decorum in proceedings before the judge."). The commonplace rule prohibiting hats in the courtroom is just one widely accepted example of such a limitation. See Tyson v. Damore, No. Civ. A. 03-5297, 2004 WL 1837033, at *1 (E.D. Pa. Aug. 13, 2004) ("It is generally accepted etiquette to remove an every-day hat when entering a courtroom.").

As these principles may suggest, a courtroom is not a public forum for the expression of ideas. Instead, "[a] courthouse—and, especially, a courtroom—is a nonpublic forum." Berner, 129 F.3d at 26; see Huminski, 396 F.3d at 90-92 (analyzing restrictions on speech at courthouse under standard for nonpublic forum). In such a forum, "[r]estrictions on speech . . . need only be reasonable and viewpoint neutral." Peck ex rel. Peck v. Baldwinsville Central Sch. Dist., 426 F.3d 617, 626 (2d Cir. 2005) (internal quotation marks omitted). A restriction on speech in a nonpublic forum is reasonable when "it is wholly consistent with the government's legitimate interest in preserving the property for the use to which it is lawfully dedicated." Make the Road by Walking, Inc. v. Turner, 378 F.3d 133, 147 (2d Cir. 2004) (internal quotation marks and alterations omitted).[3]

A restriction on wearing a hat in the courtroom meets this standard. First, it is reasonably related to the maintenance of courtroom civility and respect for the judicial process. Judges have an obligation to maintain the dignity of judicial proceedings and to oversee courtrooms in a

---

[3] The interests in courtroom order and decorum may also be outweighed by an individual's right to wear a hat based upon the dictates of his or her religious practice. See, e.g., Tyson, 2004 WL 1837033, at *6 ("Accepted standards of courtroom etiquette do not necessarily prevail over an individual's exercise of his religion, if the latter does not impact courtroom security or interfere in courtroom procedures."); Close-It Enterprises, Inc. v. Weinberger, 407 N.Y.S.2d 587, 588 (2d Dep't 1978) (finding right of defendant to wear religious skullcap in courtroom). Of course, no such religious practice is implicated here.

manner that promotes their integrity. Requiring litigants to remove their hats out of respect for this process is reasonably calculated to advance these valid interests. Similarly, it is appropriate for a court to expect litigants to appear in attire that is suitable to the dignity of a courtroom, rather than to show up in clothes they might have worn to a baseball game. The reasonable admonishment of litigants who wear casual or inappropriate attire promotes legitimate ends by reminding them that the judicial process deserves to be approached with respect.

In addition to being reasonable, restrictions on attire generally do not discriminate against any viewpoint. In this case, there is no allegation that any restriction on Plaintiff's attire was imposed based upon Plaintiff's viewpoint. Regarding his hat, the Complaint does not allege that the restriction on wearing it in the courtroom was based upon its message or viewpoint. Plaintiff does not allege, for example, that a Queens judge prohibited only Yankees hats from her courtroom, or that hats with pro-war messages were permitted while anti-war hats were not. Instead, the Complaint alleges only that Plaintiff asked to wear a hat so he could exercise his First Amendment rights, and that Judge Katz told him he could not do so. (See Compl. ¶¶ 8-9.) It alleges that, later, Clerk Albano simply instructed Plaintiff to remove the hat. (Id. ¶¶ 12-13.) Plaintiff explicitly concedes that these actions were taken "pursuant to general court policy[,]" rather than discrimination against Plaintiff's viewpoint. (Pl. Mem. (Docket Entry # 14), at 3.)

Without any allegation of viewpoint discrimination, the Complaint cannot survive a motion to dismiss. See Berner, 129 F.3d at 29 ("[Judge's] policy of prohibiting all political pins is a reasonable means of ensuring the appearance of fairness and impartiality in the courtroom, and the plaintiff has made no supportable allegation that the restriction is viewpoint based."). The state courts are entitled to establish rules of decorum and civility to govern their own proceedings, and, without any indication of the violation of a federal right, this court will not

4

intrude on their power to do so. In other words, the Complaint has not "nudged" a First Amendment claim from the realm of the conceivable into the realm of the plausible. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009) (plaintiff must "nudge" complaint "across the line from conceivable to plausible") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, Plaintiff does not state a claim that Defendants violated his rights under the First Amendment.

In addition to his First Amendment claim, Plaintiff also advances a Fourteenth Amendment liberty interest in the attire he wears in court. (Compl. ¶¶ 18-19.) As the Second Circuit has noted, "[a] substantial body of precedent suggests the existence of a liberty interest in one's personal appearance." Zalewska v. County of Sullivan, 316 F.3d 314, 321 (2d Cir. 2003). While there may be such an interest, however, restrictions on it have been upheld under "rational basis" review when, in the context in which it is asserted, the interest is not fundamental. See id. In the context of public employment, for example, "a liberty interest in choice of apparel is far from a fundamental right, and is therefore afforded only the minimal protection of the rational basis test." Zalewska, 316 F.3d at 321 (internal citation and quotation marks omitted); see also East Hartford Ed. Ass'n v. Board of Ed., 562 F.2d 838, 861 n.13 (2d Cir. 1977) ("[A]ppellant's right to dress as he pleases, if it exists at all, is far from 'fundamental' in the constitutional sense.").

Similarly, in the context of appearing as a litigant in a civil proceeding, Plaintiff's desire to make a fashion statement is far from a fundamental right. Defendants' regulation of Plaintiff's attire is, therefore, valid "unless it is so irrational that it may be branded arbitrary, and therefore a deprivation of [Plaintiff's] liberty interest." Zalewska, 316 F.3d at 322 (internal citation, quotation marks and alterations omitted). As already discussed, a court's interests in maintaining

5

proper decorum, etiquette, and respect for the judicial process are reasonably promoted by prohibiting litigants from wearing hats in the courtroom or appropriately admonishing them for wearing casual attire. Such actions are "rationally related" to a "legitimate government interest" and survive rational basis review. Id. Accordingly, to the extent Plaintiff is asserting that his liberty interest in wearing jeans or a hat in the courtroom has been infringed, he fails to state a claim on which relief may be granted.

### III.    CONCLUSION

When he is not in court, Plaintiff is free to express the ideas he wishes to express, and to wear the attire he chooses to wear. When he is appearing as a litigant in civil court, however, he should expect that his choice of expressive attire will be limited in accordance with reasonable standards of courtroom decorum. Such reasonable limitations are all that Plaintiff alleges in this case. Defendants' Motion is therefore GRANTED and the Complaint is DISMISSED.

SO ORDERED.

Dated: Brooklyn, New York
       September 24, 2009

__/s/ Nicholas G. Garaufis__
NICHOLAS G. GARAUFIS
United States District Judge